UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT G. SCOGGINS AND<br>DONNA N. SCOGGINS | CIVIL ACTION |
| VERSUS | NO. 12-650-SDD-RLB |
| DEPARTMENT OF THE TREASURY<br>INTERNAL REVENUE SERVICE | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by the Defendant Department of Treasury, Internal Revenue Service ("IRS" or "Government"). Plaintiffs have filed an *Opposition* to the motion.[2] For the reasons which follow, the Court finds that the motion should be granted.

**I.  Factual Background**

Plaintiffs filed this lawsuit seeking a return of money paid as the result of an alleged incorrect audit by the IRS. Plaintiffs timely filed and paid taxes for the year 2006 prior to the April 15, 2007 deadline. However, in July of 2008, Plaintiffs received a letter from the IRS advising that they owed an additional $10,229.00 in tax, interest and penalties for 2006. Plaintiffs contend they paid this assessment to keep the interest from accumulating. Plaintiffs allege they intended to "look into this matter," however several unrelated circumstances apparently prevented them from doing so.[3] Plaintiffs contend they received a letter from the Louisiana Department of Revenue ("LDR") in February of 2010 stating that, due to a federal audit, they owed more taxes for 2006. Plaintiffs

---

[1] Rec. Doc. No. 8.

[2] Rec. Doc. No. 16.

[3] Rec. Doc. No. 1, p. 4.

Doc 98                                         1

attempted to resolve the matter with LDR through a tax adjuster who requested a profile for the 2006 taxes. Plaintiffs allege this tax adjuster advised that they owed no further taxes; however, Plaintiffs received another letter in August of 2010 from LDR again stating that additional taxes were owed. Plaintiffs contend they attempted to explain the error but their attempts were unsuccessful. Plaintiffs claim that a $64,000.00 IRA had been re-invested in two different funds at $32,000.00 each, and the IRS misread the 1099 form and erroneously credited the Plaintiffs with $32,000.00 of income.

Plaintiffs hired a CPA who filed an amended tax return on Plaintiffs' behalf on January 11, 2011. This amended return reflected that Plaintiffs were entitled a return of $10,429.00. Plaintiffs claim the IRS rejected the amended return. Plaintiffs also claim they promptly responded to the denial. Plaintiffs claim they were advised the IRS was investigating the matter; however, they ultimately received a letter dated December 29, 2011 from the IRS notifying Plaintiffs that their refund was denied under the three year statute of limitations set forth in 26 C.F.R. § 6511. A request for reconsideration was allegedly denied. Plaintiffs filed suit seeking return of the taxes, interest and penalties allegedly erroneously paid to the IRS for the 2006 tax period.

The Government has moved to dismiss this case under Rules 12(b)(1) and (b)(2) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and lack of personal jurisdiction. The Government claims Plaintiffs failed to timely file an administrative claim with the IRS which is a prerequisite to filing suit in federal court. Because complying with the mandatory procedural steps for bringing a suit of this nature is necessary to obtain a waiver of sovereign immunity by the United States, the Government contends the Court lacks subject matter jurisdiction to hear this suit. The Government also moves to dismiss the named Defendant for lack of personal jurisdiction because the Plaintiffs have not named the proper party to be sued, which is the United

States of America. The Government contends the law is clear that the Department of Treasury, Internal Revenue Service cannot sue or be sued.

## II. Law and Analysis

### A. Motion to Dismiss under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[4] "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute,"[5] and should "grant[ ] [the motion] only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[6] In reality, "the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances."[7] The plaintiff bears the burden of proof on a Rule 12(b)(1) motion.[8] The Court accepts as true all allegations and facts in the complaint.[9]

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.[10] In the absence of an express congressional waiver of sovereign immunity, an action against the United States or its agencies does not fall within the judicial power

---

[4] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (*citing Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

[5] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).

[6] *Id.* (*citing Home Builders*, 143 F.3d at 1010).

[7] *Nowak*, 81 F.3d at 1188.

[8] *See Ramming*, 281 F.3d at 161.

[9] *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 553 (5th Cir.2010).

[10] *U.S. v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

Doc 98  3

of the federal courts.[11]

The Government has waived its sovereign immunity from taxpayer refund suits under the following limited circumstances:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
>> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;[12]

However, the Internal Revenue Code also provides, in pertinent part, as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any way wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, **according to the provisions of law in that regard**, and the regulations of the Secretary established in pursuance thereof.[13]

The Internal Revenue Code further provides that if a taxpayer is required to file a tax return, any claim for a refund of any tax paid must be filed within three years from when the return was filed or two years from when the tax was paid, whichever is later.[14] The provisions set forth above establish that unless a claim for a tax refund is filed within the time limits imposed by Section 6511(a), a suit for a refund "may not be maintained in any court."[15]

---

[11] *See, Glidden Co. v. Zdanok*, 370 U.S. 530 (1962).

[12] 28 U.S.C. § 1346 (a).

[13] 26 U.S.C. § 7422 (emphasis added).

[14] 26 U.S.C. § 6511(a).

[15] *United States v. Dalm*, 494 U.S. 596, 602 (1990).

Doc 98                                                          4

Case 3:12-cv-00650-SDD-RLB   Document 18   07/03/13   Page 4 of 8

Plaintiffs take umbrage with the Government referring to their claim as a tax refund. Plaintiffs insist what they seek is not a refund but a "return of monies paid to the Department of the Treasury which was the result of an incorrect audit conducted by the IRS that claimed income greater than 25% of the adjusted gross income on the plaintiffs 1040 form had been omitted."[16] However, Plaintiffs clearly seek the return of "tax alleged to have been erroneously or illegally assessed or collected," which is encompassed by both 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422.

The record reflects that Plaintiffs filed their 2006 federal income tax return by April 15, 2007. Following a notice of deficiency from the IRS for the 2006 taxes, Plaintiffs paid this assessment on June 16, 2008. Plaintiffs did not file an amended tax return for 2006 until January 11, 2011. Applying Section 6511 to the facts of this case, Plaintiffs had to file a claim with the IRS within three years from when the return was filed, which would have been by April 15, 2010, or within two years from when the tax was paid. The Government's Exhibit A shows that Plaintiffs last tax payment for the year 2006 was the deficiency payment made on June 16, 2008.[17] Thus, Plaintiffs had to file a claim with the IRS for return of monies erroneously or illegally assessed or collected by June 16, 2010. Plaintiffs did not file their Amended Tax Return until January 11, 2011, clearly outside the time allowed under Section 6511. Further, because the statutory time constraints under Section 6511 are jurisdictional, equitable relief is unavailable.[18]

Plaintiffs argue that Section 6501(e) should apply in this case to extend the statute of limitations to six years after the filing of their return. However, the Government is correct that this

---

[16] Rec. Doc. No. 16, p. 1.

[17] Rec. Doc. No. 8-2, p. 2.

[18] *United States v. Brockamp*, 519 U.S. 347, 349-54 (1996).

Doc 98                                                                   5

Case 3:12-cv-00650-SDD-RLB   Document 18   07/03/13   Page 5 of 8

section applies to the time limitations for the IRS to assess taxes. Section 6501(e) provides the IRS a six year limitations period in cases where a taxpayer has omitted substantial income from his return. Therefore, this section is completely inapplicable to Plaintiffs' claim.

Similar claims were addressed in *Williams v. Commissioner of Internal Revenue*, wherein plaintiffs brought suit after a decade-long dispute with the IRS over their 1998 taxes.[19] The Commissioner moved to dismiss plaintiffs' tax refund claim for failure to file within the statute of limitations. Between 2006 and 2007, the IRS levied the plaintiffs' assets for over $250,000 allegedly resulting from deficiencies discovered in the plaintiffs' 1998 tax returns.[20] Plaintiffs argued the subsequent payment levies caused them hardship because they were based on "phantom earnings" or were statutorily prescribed additional taxes for 1998.[21] The court found that "plaintiffs' refund claim amounts to an allegation that the IRS illegally assessed the additional 1998 tax burden."[22] The court noted evidence of several communications between plaintiffs and the IRS, but a lack of evidence that an actual administrative claim for a refund had been initiated.[23] Thus, the court held "regardless of the merits of plaintiffs' phantom earnings allegations, they did not adhere to the proper procedure for filing refund claims."[24] The court dismissed this claim holding that "[p]eriods of limitation are established to cut off rights, justifiable or not, that might otherwise be asserted, and

---

[19] 723 F.Supp.2d 925 (M.D. La. 2010).

[20] *Id.* at 927.

[21] *Id.*

[22] *Id.* at 927-28.

[23] *Id.* at 928.

[24] *Id.*

Doc 98　　　　　　　　　　　　　　　　6

Case 3:12-cv-00650-SDD-RLB   Document 18   07/03/13   Page 6 of 8

such periods of limitation must be strictly adhered to by the judiciary."[25]

The same result was reached in *Meeks v. United States*, where the Government moved to dismiss a lawsuit for a tax refund claim filed by the plaintiffs eight months outside the statute of limitations.[26] Plaintiffs had paid their 1999 taxes by April 19, 2000. The court found that plaintiffs' refund claim had to have been filed by April 15, 2003. Because plaintiffs' claim was not filed until January 12, 2004, the court held that the refund was not timely filed and the court lacked subject matter jurisdiction over the case.[27] Notably, the court stated:

> The court is not unsympathetic to the arguably inequitable and harsh result in this case. However, in the field of taxation, statutes of limitations sometimes enure to the benefit of the Government, and at other times they work to the taxpayer's advantage. *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 302, 67 S.Ct. 271, 273 (1946). The instant plaintiffs are also not entirely free from fault. The Internal Revenue Code contains provisions for extending the limitations period upon mutual agreement of the parties. *See*, 26 U.S.C. § 6501(c)(4) & 6511(c), yet there is no indication that the taxpayers here availed themselves of that opportunity during the pendency of the proceedings against New Day.

Likewise, in the case at bar, the Plaintiffs are not without fault. In the Statement of Claim attached to their *Complaint*, Plaintiffs state that they paid the assessment in 2008 to stop the accumulation of interest; however, Plaintiffs admit that "[i]t was the plaintiff's [sic] intention to look into this matter at a later date...," but set forth circumstances which apparently kept them from doing so. Because no tax refund claim was timely filed with the IRS, the Court lacks subject matter jurisdiction over this case.

---

[25] *Id.*, *citing Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947).

[26] No. 06-0307, 2007 WL 1229025 (W.D. La. April 2, 2007).

[27] *Id.* at *2.

Case 3:12-cv-00650-SDD-RLB   Document 18   07/03/13   Page 7 of 8

### B. Motion to Dismiss under Rule 12(b)(2)

The Government has also moved to dismiss the named Defendant pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the Department of Treasury, Internal Revenue Service. The law is clear that this Defendant cannot sue or be sued.[28] Because a suit for the refund of federal taxes can only be brought against the United States,[29] the Court must dismiss the Department of Treasury, Internal Revenue Service for lack of personal jurisdiction.[30]

## III. Conclusion

For the reasons set forth above, Plaintiffs' suit must be dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction over the named Defendant. Therefore, the Defendant's *Motion to Dismiss*[31] is GRANTED. Plaintiffs' case is dismissed with prejudice.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 3rd day of July, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[28] *See Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976)(citations omitted); *see also Murphy v. I.R.S.*, 493 F.3d 170, 174 (D.C. Cir. 2007).

[29] 26 U.S.C. § 7422(f).

[30] The Court notes that it would allow Plaintiffs to amend their *Complaint* to name the proper party if their claim was not subject to dismissal on other grounds.

[31] Rec. Doc. No. 8.

Doc 98                           8