UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT G. SCOGGINS AND CIVIL ACTION
DONNA N. SCOGGINS

VERSUS NO. 12-650-SDD-RLB

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the Court on the *Motion for Reconsideration*[1] filed by the Plaintiffs, Robert G. Scoggins and Donna N. Scoggins. Plaintiffs move the Court to reconsider its previous *Ruling*[2] and *Judgment*[3] granting the Government's *Motion to Dismiss* for lack of subject matter jurisdiction. Because Plaintiffs' motion was filed within 28 days from the Court's *Ruling* and *Judgment*, the Court considers this motion under Rule 59(e) of the Federal Rules of Civil Procedure.

A district court "has 'considerable discretion' to grant or deny a motion for reconsideration under a Rule 59(e) standard."[4] "A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly."[5] To prevail on a motion for reconsideration under a Rule

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 18.

[3] Rec. Doc. No. 19.

[4] *B & C Marine, LLC v. Cabiran*, No. 12-1015, 2013 WL 950562, *1 (E.D. La. Mar. 11, 2013), *quoting Flynn v. Terrebonne Parish Sch. Bd.*, 348 F.Supp.2d 769, 771 (E.D.La.2004), *citing Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir .1994) (*en banc*).

[5] *Id., quoting Flynn*, 348 F.Supp.2d at 771, *citing Fields v. Pool Offshore*, No. Civ. A. 97–3170, 1998 WL 43217 at *2 (E.D. La. Feb. 3, 1998, *aff'd* 182 F.3d 353 (5th Cir.1999); *Bardwell v. George G. Sharp, Inc.*, Civ. A. No. 93–3590, 1995

Doc 166 1

59(e) standard, a moving party must satisfy at least one of the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law."[6] A motion for reconsideration on the basis of new evidence is only granted if the evidence: (1) would probably change the outcome; (2) is actually newly discovered and could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching.[7] Although the Court liberally construes the pleadings of *pro se* litigants like Plaintiffs, and applies less stringent standards than to parties represented by counsel, Plaintiffs are still required to make an attempt to "reasonably comply" with the standards of the Federal Rules.[8]

In this case, Plaintiffs fail to cite any of the above criteria as the basis for their *Motion for Reconsideration*. There is no contention that the Court applied the incorrect standard of law on the *Motion to Dismiss*. To the extent that Plaintiffs' continued objection to their claim being called a "refund" is an allegation of an error of fact, the Court's previous *Ruling* clearly addresses this issue. Despite Plaintiffs' objection to their claim being referred to as a "refund," it is clear that the relief sought was encompassed by the language in the applicable statutes since Plaintiffs sought the return

---

WL 517120, at *1 (E.D.La. Aug. 30, 1995).

[6] *Id.* at *2, *citing Flynn*, 348 F.Supp.2d at 771 (*citing Fidelity & Deposit Co. v.. Omni Bank*, No. Civ. A. 99–1167, 1999 WL 970526, *3 (E.D.La. Oct. 21, 1999); *Jupiter v. BellSouth Telecomms., Inc.*, No. Civ. A. 99–0628, 1999 WL 769218, at *1 (E.D.La. Oct. 5, 1999); *Burma Navigation Corp. v. Seahorse*, No. Civ. A. 94–0795, 1998 WL 781587, at *1 (E.D.La. Nov. 3, 1998); *Fields*, 1998 WL 43217, at *2).

[7] *Infusion Res., Inc. v. Minimed, Inc.* 351 F.3d 688, 696–97 (5th Cir.2003).

[8] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.1995).

Doc 166      2

of a "tax alleged to have been erroneously or illegally assessed or collected."[9] Plaintiffs have not presented newly discovered evidence nor evidence that was previously unavailable. Likewise, Plaintiffs have failed to show that the motion is necessary in order to prevent manifest injustice or that the motion is justified by an intervening change in the controlling law.

Plaintiffs fail to understand that the Court lacks subject matter jurisdiction over their claims based on their failure to file an administrative claim with the IRS within the applicable statute of limitations. Nothing presented in Plaintiffs' motion challenges or changes this holding. Further, because the Court lacks jurisdiction over this case, the Court lacks authority to grant the relief requested. The Plaintiffs have failed to meet the standard for reconsideration under Rule 59(e).

Therefore, the Plaintiffs' *Motion for Reconsideration*[10] is DENIED.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 26 day of July, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[9] Rec. Doc. No. 18, p. 5.

[10] Rec. Doc. No. 21.